**STATE of Indiana On the Relation of FIDELITY & DEPOSIT COMPANY OF MARYLAND, Relator,**

v.

**SUPERIOR COURT OF PORTER COUNTY, COURT ROOM NO. 2, and Honorable Bruce W. Douglas, As Judge Thereof, Respondents.**

**No. 383S94.**

Supreme Court of Indiana.

July 1, 1983.

Sharon L. Wright, Linder & Hollowell, Indianapolis, for relator.

Robert J. Gabrielse, Valparaiso, Office of Attorney General of Ind., Keith T. Osburn, Deputy Atty. Gen., Indianapolis, for Edward R. Bertholet, petitioner below.

DeBRULER, Justice.

This is an original action challenging the denial of a motion for change of venue from the county by respondent Court. On October 28, 1982, Edward R. Bertholet filed a petition for review of an order of the Insurance Commissioner, Indiana Department of Insurance, in the Porter Superior Court. On November 15, 1982, relator, Fidelity and Deposit Company of Maryland, received service of summons and the petition by certified mail from the clerk of the respondent Court. On December 20, 1982, relator filed its motion to dismiss under Ind.R.Tr.P. 12(B). On December 28, 1982, relator filed a motion for change of venue from the county. On February 10, 1983, the court denied the requested change. On March 22, 1983, we issued an alternative writ of mandamus. Respondent has filed a verified return showing cause why the alternative writ should not be made permanent.

Respondent predicated the denial of the motion for change of venue upon the conclusion that the motion was not timely filed. Indiana Code § 4–22–1–16, Sec. 16 of the Administrative Adjudication Act pursuant to which the respondent's jurisdiction was invoked, provides:

"On the filing of a verified petition for such judicial review, said cause shall be docketed by the clerk of said court in the name of the petitioner or petitioners against such agency and all other parties to the petition. The issues shall be deemed closed by denial of all matters at issue without the necessity of filing any further pleadings. Changes of venue from the judge and from the county shall

be granted either party under the law now governing, or which may hereafter govern changes of venue in civil causes."

Respondent took the position that this provision does not require the filing of a response in order to close the issues and that therefore the thirty day limitation of Ind.R. Tr.P. 76(3) for filing motions for changes of venue applies and was obviously not met by relator.

The provision, above quoted, i.e., "The issues shall be deemed closed by denial of all matters at issue without the necessity of filing any further pleadings" is read by us as saying that a denial *alone* effectuates the closing of the issues. From the language "denial of all matters at issue" is fairly to be inferred that reference is being made to the general denial which still maintains its place within Ind.R.Tr.P. 8, General Rules of Pleading. A general denial is a form of responsive pleading by which the pleader denies all of the averments in the preceding pleading. We, therefore, interpret this provision of the Administrative Adjudication Act as contemplating the filing of a responsive pleading. Since a responsive pleading is required to close the issues in an action of this nature, the applicable venue provision is Ind.R.Tr.P. 76(2) which provides that a change of venue shall be filed not later than ten days after the issues are first closed on the merits. Relator's motion was filed within the time constraints of Rule 76(2), and should have been granted.

The alternative writ heretofore entered is therefore made permanent.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.